IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.

PERRISSA DEDRANETTE DIXON
KATRINA PRATT
STEFONDRA LANEALE MONROE
ORMAN CURTIS WITHERSPOON
and
TITUS LEE DIXON

_____/

SEALED
INDICTMENT

4:14cr58/MW

**THE GRAND JURY CHARGES:**

## COUNT ONE

### A. THE CONSPIRACY

Between in or about January 2010 and in or about June 2012, in the Northern District of Florida and elsewhere, the defendants,

**PERRISSA DEDRANETTE DIXON,
KATRINA PRATT,
STEFONDRA LANEALE MONROE,
ORMAN CURTIS WITHERSPOON,
and
TITUS LEE DIXON,**

did knowingly and willfully combine, conspire, confederate, and agree together and with other persons to devise a scheme to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing this scheme, to cause wire communications to be transmitted in interstate commerce, in violation of Title 18, United States Code, Section 1343.

Returned in open court pursuant to Rule 6(f)

9-17-14
Date

United States Magistrate Judge

## B. MANNER AND MEANS

It was part of this conspiracy that:

1. The conspirators fraudulently obtained and stored personal identifying information ("PII"), including the names, dates of birth, and social security numbers of other persons ("victims") without those persons' knowledge or consent.

2. The conspirators obtained PII from multiple sources, including from students who were enrolled in the work-study program at the Florida Agricultural and Mechanical University ("FAMU") in Tallahassee, where **KATRINA PRATT** was employed as an administrative assistant in human resources.

3. The conspirators also obtained PII from individuals whose names had been searched through Florida law enforcement databases by **TITUS LEE DIXON**, an Osceola County Deputy Sheriff.

4. The conspirators prepared and electronically filed fraudulent federal income tax returns using, without authorization, the victims' PII.

5. The conspirators caused the Internal Revenue Service to issue tax refunds in the names of the victims.

6. The conspirators caused tax refunds to be electronically loaded onto debit cards, to be issued in the form of U.S. Treasury checks, and to be deposited into bank accounts controlled by the conspirators.

7. By this conduct, the conspirators obtained, and attempted to obtain, tax refunds and used these fraudulently obtained refunds to pay personal expenses, and to obtain money, property, and things of value.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO

Between on or about October 28, 2011, and on or about March 5, 2012, in the Northern District of Florida and elsewhere, the defendant,

**PERRISSA DEDRANETTE DIXON,**

did:

1. steal and knowingly convert to her use and to the use of another, and without authority did convey and dispose of money and property of the United States of a value of more than $1,000, namely, fraudulently obtained federal income tax refunds; and

2. receive, conceal, and retain money and property of the United States of a value of more than $1,000, namely, fraudulently obtained federal income tax refunds, with the intent to convert this money and property to her own use and gain, knowing such money and property to have been stolen and converted.

In violation of Title 18, United States Code, Sections 641 and 2.

## COUNT THREE

Between on or about February 8, 2011, and on or about February 8, 2012, in the Northern District of Florida and elsewhere, the defendant,

**KATRINA PRATT,**

did:

1. steal and knowingly convert to her use and to the use of another, and without authority did convey and dispose of money and property of the United States of a value of more than $1,000, namely, fraudulently obtained federal income tax refunds; and

2. receive, conceal, and retain money and property of the United States of a value of more than $1,000, namely, fraudulently obtained federal income tax refunds, with the intent to convert this money and property to her own use and gain, knowing such money and property to have been stolen and converted.

In violation of Title 18, United States Code, Sections 641 and 2.

## COUNT FOUR

Between on or about October 28, 2011, and on or about December 15, 2011, in the Northern District of Florida and elsewhere, the defendant,

**STEFONDRA LANEALE MONROE,**

did:

1. steal and knowingly convert to her use and to the use of another, and

without authority did convey and dispose of money and property of the United States of a value of more than $1,000, namely, a fraudulently obtained federal income tax refund; and

2. receive, conceal, and retain money and property of the United States of a value of more than $1,000, namely, a fraudulently obtained federal income tax refund, with the intent to convert this money and property to her own use and gain, knowing such money and property to have been stolen and converted.

In violation of Title 18, United States Code, Sections 641 and 2.

## COUNT FIVE

Between on or about March 18, 2011, and on or about February 7, 2012, in the Northern District of Florida and elsewhere, the defendant,

**ORMAN CURTIS WITHERSPOON,**

did:

1. steal and knowingly convert to his use and to the use of another, and without authority did convey and dispose of money and property of the United States of a value of more than $1,000, namely, fraudulently obtained federal income tax refunds; and

2. receive, conceal, and retain money and property of the United States of a value of more than $1,000, namely, fraudulently obtained federal income tax refunds, with the intent to convert this money and property to his own

use and gain, knowing such money and property to have been stolen and converted.

In violation of Title 18, United States Code, Sections 641 and 2.

## COUNT SIX

Between on or about March 18, 2011, and on or about February 29, 2012, in the Northern District of Florida and elsewhere, the defendant,

**TITUS LEE DIXON,**

did:

1. steal and knowingly convert to his use and to the use of another, and without authority did convey and dispose of money and property of the United States of a value of more than $1,000, namely, fraudulently obtained federal income tax refunds; and

2. receive, conceal, and retain money and property of the United States of a value of more than $1,000, namely, fraudulently obtained federal income tax refunds, with the intent to convert this money and property to his own use and gain, knowing such money and property to have been stolen and converted.

In violation of Title 18, United States Code, Sections 641 and 2.

## COUNT SEVEN

Between on or about October 28, 2011, and on or about March 5, 2012, in the Northern District of Florida, the defendant,

**PERRISSA DEDRANETTE DIXON,**

did knowingly use without authority, a means of identification of another person, that is, the names, dates of birth, and social security numbers of approximately one hundred fifty (150) individuals, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), namely, conspiracy to commit wire fraud, and theft of Government funds, as charged in Counts One and Two of this Indictment.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT EIGHT

Between on or about February 8, 2011, and on or about February 8, 2012, in the Northern District of Florida, the defendant,

**KATRINA PRATT,**

did knowingly use without authority, a means of identification of another person, that is, the names, dates of birth, and social security numbers of approximately forty (40) FAMU students, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), namely, conspiracy to commit wire fraud, and theft of Government funds, as charged in Counts One and Three of this Indictment.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT NINE

On or about December 15, 2011, in the Northern District of Florida, the defendant,

**STEFONDRA LANEALE MONROE,**

did knowingly use without authority, a means of identification of another person, that is, the name, date of birth, and social security number of G.A., during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), namely, conspiracy to commit wire fraud, and theft of Government funds, as charged in Counts One and Four of this Indictment.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT TEN

Between on or about December 25, 2010, and on or about February 7, 2012, in the Northern District of Florida, the defendant,

**TITUS LEE DIXON,**

did knowingly use without authority, a means of identification of another person, that is, the names, dates of birth, and social security numbers of A.E., B.G., R.N., R.R., and T.B., during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), namely, conspiracy to commit wire fraud, and theft of Government funds, as charged in Counts One and Six of this Indictment.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

# CRIMINAL FORFEITURE

The allegations contained in Counts One through Six of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

From their engagement in any or all of the violations alleged in Counts One through Six of this Indictment, the defendants,

**PERRISSA DEDRANETTE DIXON,**
**KATRINA PRATT,**
**STEFONDRA LANEALE MONROE,**
**ORMAN CURTIS WITHERSPOON,**
**and**
**TITUS LEE DIXON,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all of their rights, title, and interest in any property, real and personal, constituting, and derived from, proceeds traceable to such offenses.

If any of the property described above as being subject to forfeiture, as a result of acts or omissions of the defendants:

    i.    cannot be located upon the exercise of due diligence;

    ii.    has been transferred, sold to, or deposited with a third party;

    iii.    has been placed beyond the jurisdiction of this Court;

    iv.    has been substantially diminished in value; or

v. has been commingled with other property that cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

A TRUE BILL:

Redacted

DATE 9-16-2014

PAMELA C. MARSH
United States Attorney

JAMES M. USTYNOSKI
Assistant United States Attorney